IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:99-CR-00041-F-1
No. 7:14-CV-00100-F

| | |
|---|---|
| EUGENE JAMES LOGAN, )<br>        Petitioner )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>        Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-22] Eugene James Logan's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-18]. The issues have been fully briefed and are now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Logan's Motion to Vacate is DISMISSED.

**I. Factual and Procedural Background**

On May 19, 1999, Logan was charged in a one-count information with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). *See* Information [DE-9]. On June 28, 1999, Logan pled guilty to Count One pursuant to a written plea agreement [DE-13] with the Government.

Logan's sentencing was held on September 7, 1999, and he was sentenced to 405 months' imprisonment. *See* Judgment [DE-15]. Logan did not appeal his conviction or sentence.

Logan's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-18] was received by the court on May 19, 2014. In his § 2255 motion, Logan argues that his sentence violates the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151

(2013). Logan contends that *Alleyne* should apply retroactively to his case. On June 24, 2014, the Government filed its Motion to Dismiss [DE-22].

## II. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure provides for the dismissal of an action when the court lacks subject matter jurisdiction. When determining whether jurisdiction exists, the district court may consider evidence outside the pleadings without converting the motion to one for summary judgment. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The burden of proving subject matter jurisdiction is on the party asserting jurisdiction. *Id.* (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)).

## III. Discussion

**Logan's Motion to Vacate is Time-Barred.**

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

28 U.S.C. § 2255(f)(1)-(4). When a defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. *See Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

In this case, Logan's Judgment [DE-15] was entered on September 10, 1999, and he filed the instant § 2255 motion on April 7, 2014, at the earliest.[1] Thus, Logan filed his § 2255 motion well beyond this one-year period. For this reason, Logan has not shown that his motion is timely under § 2255(f)(1). Logan does not allege that governmental action impeded his ability to file his § 2255 motion; thus, Logan's § 2255 motion is not timely under § 2255(f)(2). Moreover, the facts supporting Logan's claim were available at his September 7, 1999 sentencing hearing, and as such, his motion is not timely under § 2255(f)(4).

Logan argues that his motion is timely under § 2255(f)(3) because *Alleyne* should be applied retroactively. Mot. Vacate [DE-18] at 13. The Supreme Court has not held that *Alleyne* established a new right that is retroactively applicable to cases on collateral review. *See United States v. Stewart*, 540 F. App'x 171, 172 n.1 (4th Cir. 2013); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (noting that *Alleyne* is an extension of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and the Justices have decided other rules based on *Apprendi* do not apply retroactively on collateral review, which implies that the Court will not declare *Alleyne* to be retroactive). Accordingly, Logan's § 2255 motion is not timely under § 2255(f)(3).

In sum, Logan's § 2255 motion was not filed within one year of any of the circumstances described in § 2255(f). Consequently, Logan's motion is time-barred.

---

[1] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court. *See* Rule 3(d), Rules Governing Section 2255 Proceedings. Logan dated his signature on the § 2255 motion as April 7, 2014. Mot. Vacate [DE-18-1] at 9.

3

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-22] is ALLOWED and Logan's Motion to Vacate [DE-18] is DISMISSED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court finds that Logan has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 3 day of November, 2015.

_____
James C. Fox
Senior United States District Judge

4